```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION


IN RE THE COMPLAINT OF JAMES
SCHNEIDER, AS OWNER OF A 2005 34'
S2 YACHTS MOTOR VESSEL, IILN
SSUH4102G405, USCG OFFICIAL NO.
1267657, IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY,

            Petitioner.
                                     Case No: 2:21-cv-549-JES-KCD

                                              IN ADMIRALTY
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of (1) Allstate Property and Casualty Insurance Company's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. #82) filed on August 19, 2022; (2) Julie Leonard's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. #84) filed on August 23, 2022; (3) Petitioner James Schneider's Responses in Opposition (Docs. ##86, 90) filed on September 9, 2022 and September 12, 2022; and (4) third-party defendant Robert Slade's Responses in Opposition (Docs. ##88, 92) filed on September 9, 2022 and September 13, 2022.  As will be discussed below, the motions for partial summary judgment will be denied for not

complying with the Case Management and Scheduling Order, or the Local Rules.

The Case Management and Scheduling Order (Doc. #47) states the following:

> 3. *Motions for Summary Judgment*
>
>    . . .
>
>    b. Required Materials: A <u>motion for summary judgment must include</u> a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" <u>in a single document</u> not to exceed **25 pages** in length. The statement of material facts must list each material fact alleged not to be disputed in <u>separate, numbered paragraphs</u>. Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact. Failure to submit a statement of material facts constitutes grounds to deny the motion.
>
>    An <u>opposition to a motion for summary judgment must include</u> a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" <u>in a single document</u> not to exceed **20 pages** in length. The opposing party's response to the statement of material facts must mirror the statement of material facts <u>by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs</u>. Each denial must set forth a pinpoint citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**
>
>    . . .

> <u>Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief</u>. Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included. For example, a general reference to "Deposition of Jones" is insufficient.

(Doc. #47, p. 4)(bolded emphasis in the original and underline added).

The motions for partial summary judgment do not comply with the instructions set forth above because (1) the motions did not include a memorandum of law in support and the "Statement of Material Facts" **in a single document** (<u>See</u> Docs. ##81, 82, 83, 84)[1]; (2) the statement of material facts does not list each material fact alleged not to be disputed in **separate, numbered paragraphs**, but instead by bullet points – which becomes very confusing and impossible for the Court (and the opposing parties) when the opposing parties must respond by admitting or denying each numbered paragraph; and (3) the motions fail to properly cite to the record, i.e., "Exhibit 1, p. 2."

The Court notes that both motions are in Times New Roman and a 12-point font. Under Local Rule 1.08(a), typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino. Under Local Rule 1.08(b), Times New Roman is permitted if the main

---

[1] The Responses in Opposition also fail to comply with this requirement.

text is at least 14-point. M.D. Fla. R. 1.08. Neither motion complies with these requirements.

Accordingly, it is now

**ORDERED:**

1. Allstate Property and Casualty Insurance Company's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. #82) is **DENIED without prejudice**.

2. Julie Leonard's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. #84) is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of September, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record